UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSE ZUNIGA                                            CASE NO. _____

VERSUS

MARTIN CONCRETE CONSTRUCTION, LLC
and DARYL B. MARTIN

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Jose Zuniga, who submits this Complaint:

*Defendants*

1.

Made defendants herein are:

(a)  **Martin Concrete Construction, LLC**, a limited liability company with its principal place of business in Tangipahoa Parish, State of Louisiana; and

(b)  **Daryl B. Martin**, a person of the full age of majority domiciled in the Parish of Tangipahoa, State of Louisiana.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*).

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2). A substantial part of the conduct complained of herein occurred within this District. Both defendants are domiciled in this District.

### *FLSA Coverage*

5.

The FLSA applies to defendants' employment of plaintiff Zuniga.

6.

Defendants Martin Concrete and Daryl Martin are the "employers" of plaintiff as that term is defined by the FLSA.

7.

Defendant Daryl Martin is the managing member of Martin Concrete. He has operational control over the payroll activities of the company. He is responsible for the violations of the FLSA complained of herein. Mr. Martin is therefore an "employer" of plaintiff Zuniga under the FLSA and is personally liable to him for Martin Concrete's failure to pay him overtime compensation.

8.

Defendant Martin Concrete hired plaintiff, directed his work, supervised him, and paid him an hourly wage. At all times, Martin Concrete had the power to hire and fire plaintiff.

9.

Defendant Martin Concrete is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00. Its employees are construction workers on major construction projects

who handle, work on, and use tools, machinery, and construction materials that have been produced and moved in interstate commerce in connection with the defendants' construction activities.

*Plaintiff*

10.

Plaintiff was employed by Martin Concrete Construction for approximately a year and a half, from mid-2017 until February of 2019.

11.

Martin Concrete Construction is a commercial contractor. Plaintiff was employed as a laborer to perform various construction labor including but not limited to concrete work and related manual labor. Martin Concrete Construction controlled and directed the daily activities of Plaintiff.

12.

Plaintiff routinely worked in excess of 40 hours per week. Plaintiff estimates that he worked approximately 45 hours on average per week; however, he was never paid overtime as required by the Fair Labor Standards Act. The precise amount of overtime hours and rates of pay for the plaintiff will be presented at the trial of this matter.

13.

Upon information and belief, the defendants know the exact amount of hours plaintiff worked each week.

14.

Plaintiff was the non-exempt employee of the defendants under the FLSA. Defendant Daryl Martin, as member and manager of the company, was responsible for Martin Concrete

Construction's decision not to pay overtime to the plaintiff. Defendant Daryl Martin is also plaintiff's "employer," as that term is defined by the FLSA.

15.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times the rate of their regular pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

16.

The Defendants knowingly and willfully violated the FLSA as an attempt to extract a higher profit margin for Martin Concrete Construction. Plaintiff is therefore also entitled to recover from defendants all unpaid overtime during the three-year period preceding the filing of this lawsuit, an equal sum as liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

**WHEREFORE, Plaintiff** pray that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendants, Martin Concrete Construction, L.L.C. and Daryl Martin, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

5

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*